**MORGAN, LEWIS & BOCKIUS LLP**
(A Pennsylvania Limited Liability Partnership)
502 Carnegie Center
Princeton, New Jersey 08540
Richard G. Rosenblatt
Jason J. Ranjo
Carlyle W. Edwards-Balfour
Phone: 609.919.6673
Fax: 609.919.6701
*Attorneys for Amazon.com Services LLC*

**UNITED STATES DISTRICT COURT**
**THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DARYL "CARMELO" MURRAY,<br><br>    Plaintiff,<br>v.<br><br>AMAZON.COM SERVICES LLC; LUCIAN J. INTROCASO, Individually and as a Medical Director for Worknet Occupational Medicine – Pennsauken; and JOHN and JANE DOES (1-5),<br><br>    Defendants. | Civil Action No.<br><br>**NOTICE OF REMOVAL**<br><br>*Electronically Filed* |

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Amazon.com Services LLC (referred to herein as "Amazon"), by and through its attorneys, Morgan, Lewis & Bockius LLP, hereby give notice of removal of this matter to the United States District Court for the District of New Jersey from the Superior Court of New Jersey, Law Division, Burlington County. The grounds for removal are as follows:

**PROCEDURAL BACKGROUND**

1. Pursuant to Rule 10.1(a) of the Local Civil Rules, the addresses of the named parties are as follows:

   a. Amazon is a limited liability company whose only member—Amazon.com Sales, Inc.—is incorporated in Delaware and has its principal place of business in Washington. Amazon is represented in this matter by Richard G. Rosenblatt, Jason J, Ranjo, and Carlyle W. Edwards-Balfour, of Morgan, Lewis & Bockius LLP, 502 Carnegie Center, Princeton, New Jersey 08540.

   b. Plaintiff Daryl "Carmelo" Murray ("Plaintiff") alleges that he resides in New Jersey. Compl. ¶ 4. Plaintiff is acting *pro se* in this matter.

   c. Plaintiff alleges that Defendant Lucian Introcaso ("Dr. Introcaso") is domiciled in New Jersey. Am. Compl. ¶ 12.

2. Plaintiff commenced this action on October 24, 2022 by filing a Complaint and Jury Demand ("Complaint") in the Superior Court of New Jersey, Law Division, Burlington County, captioned as *Daryl "Carmelo" Murray v. Amazon.com Services LLC and John and Jane Does (1-5)*, Docket No. BUR-L-002009-22. A true and correct copy of the Complaint attached as **Exhibit A**.

3. Plaintiff served Amazon with the Summons and Complaint on November 18, 2022. A true and correct copy of the Affidavit Service is attached as **Exhibit B.**

4. On November 30, 2022, Plaintiff filed a First Amended Complaint ("Amended Complaint") adding one claim (Count V) and one individual defendant, Dr. Introcaso. A true and correct copy of the Amended Complaint is attached as **Exhibit C.**

5. On December 8, 2022, Plaintiff filed an Affidavit of Service for the Amended Complaint as to Amazon. A true and correct copy of the Affidavit of Service is attached as **Exhibit D.**

6. On December 12, 2022, Plaintiff filed an Affidavit of Service for the Amended Complaint as to Dr. Introcaso. A true and correct copy of the Affidavit of Service is attached as **Exhibit E.**

7. The only other proceeding that has occurred in the Superior Court of New Jersey, Burlington County since Plaintiff filed his Complaint is the issuance of a Track Assignment. The Track Assignment Notice is attached hereto as **Exhibit F** and, along with the other aforementioned Exhibits, constitutes the entirety of the process, pleadings, and orders that Defendant has received in this case to date. *See* 28 U.S.C. § 1447(b).

8. The Amended Complaint asserts claims against Amazon under the New Jersey Law Against Discrimination ("NJLAD") as well as a common law claim for breach of implied covenant of good faith and fair dealing. Specifically, Count I alleges failure to accommodate an alleged disability under the NJLAD, Count II alleges constructive discharge under the NJLAD, Count III alleges a common law claim for breach of implied covenant of good faith and fair dealing, and Count IV alleges unlawful discharge and retaliation under the NJLAD. Exh C., at ¶¶ 59-147. All of those claims are asserted against Amazon. Count V asserts a claim for "Fraudulent Concealment, Alteration, Falsification and/or Destruction of Patient Medical Records Evidence and a Violation of N.J.S.A. 2C:21-4.1" against Amazon and Dr. Introcaso.

## GROUNDS FOR REMOVAL

9. Section 1441(a) of Title 28 of the United States Code provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have

original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

10. Federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332(a).

11. Amazon removes this action in accordance with 28 U.S.C § 1332(a) on the grounds that the amount in controversy in this matter exceeds $75,000, and Plaintiff and the only properly joined Defendant are citizens of different states.

## I. Citizenship

12. "Whether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the complaint was filed." *Midlantic Nat. Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995).

13. Plaintiff, at the time of filing of the Amended Complaint, was a citizen of the State of New Jersey. *See* Exh. C, ¶ 4.

14. Amazon.com Services LLC, as of the date of the Amended Complaint, was a citizen of Delaware and Washington because it is a limited liability company whose only member is incorporated in Delaware and has its principal place of business in Washington. *See Zambelli Fireworks Mfg. Co. v. Wood,* 592 F.3d 412, 420 (3d Cir. 2010) (for the purposes of diversity jurisdiction under 28 U.S.C. § 1332(a), "the citizenship of an LLC is determined by the citizenship of its members."); *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC,* 888 F.3d 29, 34 (3d Cir. 2018) ("The citizenship of a corporation is both its state of incorporation and the state of its principal place of business…. [A] limited liability company is a citizen of all the states of its members.").

15. Upon information and belief, Dr. Introcaso is a citizen of New Jersey, but his citizenship is immaterial to the diversity analysis because he was joined fraudulently. *In re Briscoe*, 448 F.3d 201, 215-16 (3d Cir. 2006) ("If the district court determines that the joinder was 'fraudulent' in this sense, the court can 'disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'") (quotation marks and citation omitted). As Amazon will fully establish in a forthcoming motion to dismiss, Dr. Introcaso has been fraudulently joined because "there is no reasonable basis in fact or colorable ground supporting the claim against" him. *Id.*

16. Specifically, Plaintiff has premised Count V—the only claim against Dr. Introcaso—on a criminal statute, N.J.S.A. 2C:21-4.1, that has no private right of action. *See Okocha v. Lab'y Corp. of Am.*, No. CIV A 06-1791 (JLL), 2008 WL 3843068, at *2 (D.N.J. Aug. 15, 2008) (noting lack of authority for "whether a private right of action is authorized by the particular penal statute [N.J.S.A. 2C:21–4.1] on which Plaintiff relies in support of his falsification of medical records claim"), *aff'd*, 313 F. App'x 453 (3d Cir. 2009).

17. To the extent Count V is grounded in common law fraud, none of Plaintiff's allegations against Dr. Introcaso are actionable. To assert a viable claim for common law fraud, a plaintiff must aver with specificity, among other things, the existence of "a material misrepresentation of a presently existing or past fact," and that the defendant had knowledge or belief "of its falsity." *Schenkel v. Flaster*, 54 F. App'x 362, 364 (3d Cir. 2002) (internal quotation marks omitted).

18. Here, Plaintiff alleges that Dr. Introcaso—who worked for an independent healthcare provider, WorkNet—"conspired with [unknown individuals] to conduct a fraudulent examination of Plaintiff, in which Introcaso would conclude, regardless of the facts, and without

having physically examined Plaintiff, that Plaintiff had no work-related disability." Am. Compl. ¶ 112. However, Dr. Introcaso's allegedly fraudulent statements, even as alleged, cannot form the basis of a common law fraud claim.

19. Almost all of the allegedly fraudulent statements are immaterial to Plaintiff's claim that Dr. Introcaso conspired to deny his workers' compensation claim on the grounds that his alleged leg injury was not work related. *See id.* ¶¶ 113, 115, 116, 118, 119, 121, 122, 127, and 127.

20. In addition, paragraph 124 of the Amended Complaint about Dr. Introcaso's purported medical opinion regarding the condition of Plaintiff's allegedly injured leg contains only conclusory allegations that Dr. Introcaso's opinion was inaccurate, and nothing in the Amended Complaint suggests the opinion was intentionally false.

21. Even if Plaintiff had alleged plausible facts that Dr. Introcaso's evaluation were intentionally false, his opinion about the condition of Plaintiff's leg would constitute a medical opinion, not a statement of fact upon which a fraud claim can be based. *See Rothman v. Silber*, 90 N.J. Super. 22, 36 (App. Div. 1966) (holding that physician's statement that headaches and other pain were "after-effects of childbirth and would pass away" constituted "no more than a medical opinion and, in the absence of additional facts not present in the record, they could not rise to the status of a fraudulent concealment"); *see also generally Berroyer v. Hertz*, 672 F.2d 334, 341 (3d Cir. 1982) (recognizing that medical opinion was "a question of professional judgment-which, if in error, may be negligence but is generally insufficient upon which to base punitive damages" and "does not resemble intentional fraud in the criminal sense").

22. There are no other named parties in the case. *See* Exh. C.

23. Accordingly, this action is between "citizens of different states." 28 U.S.C. § 1332(a)(1).

## II. Amount in Controversy

24. In the Amended Complaint, Plaintiff seeks monetary damages. Specifically, the Amended Complaint seeks "compensatory damages including lost wages and benefits, and emotional distress damages," as well as "triple damages," punitive damages, expert fees, attorneys' fees, and costs, and "other relief as this Court may deem just and proper." *See* Exh. C., at Wherefore clauses.

25. Plaintiff alleges that the compensatory damages he seeks "in a total amount" do "not to exceed $75,000." *See* Exh. C, at Wherefore clauses. However, "that is not the end of the . . . inquiry." *Collins v. Bob's Disc. Furniture, Secaucus, New Jersey*, No. CV203487MCALDW, 2020 WL 6275210, at *3 (D.N.J. Sept. 23, 2020), report and recommendation adopted sub nom. *Collins v. Bobs Disc. Furniture, Secaucus, New Jersey*, No. CV 20-3487(MCA), 2020 WL 6273826 (D.N.J. Oct. 26, 2020).

26. The amount in controversy is determined by "examin[ing] both 'the dollar figure offered by the plaintiff' and plaintiff's 'actual legal claims.'" *Hoffman v. Lumina Health Prod., Inc.*, No. CIV.A. 13-04936 SRC, 2013 WL 5773292, at *2 (D.N.J. Oct. 24, 2013).

27. In terms of lost wages, Plaintiff alleges that he "sustained lost wages . . . in the amount of approximately $86,700." *See* Exh. C., ¶ 51. This alone exceeds the statutory threshold.

28. Plaintiff also seeks, among other things, punitive damages, attorneys' fees, and emotional distress damages, all of which are recoverable under the NJLAD and must be considered when calculating the amount in controversy. *See Uddin v. Sears, Roebuck & Co.*, No. CIV.A. 13-6504 JLL, 2014 WL 316988, at *5 (D.N.J. Jan. 27, 2014) ("Because punitive damages are

7

recoverable in certain circumstances under NJLAD, punitive damages must also be considered when determining the amount in controversy. Under New Jersey law, punitive damages can total up to five times the compensatory damages. Additionally, Mr. Uddin seeks attorney's fees in this count and these fees may be considered when determining the amount in controversy. The Third Circuit has held that fees can be estimated as high as 30% of the judgment when making this calculation." (citations omitted)); *Hann v. Home Depot*, No. 1:18-CV-10223-NLH-JS, 2019 WL 479348, at *3 (D.N.J. Feb. 7, 2019) (considering emotional distress damages as part of the amount in controversy because "[t]he Supreme Court of New Jersey has held that damages for emotional distress in a discrimination case falls within a wide spectrum of acceptable outcomes . . . .").

29. Based on the allegations pled in the Amended Complaint and the relief Plaintiff seeks, the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000.00. *See Rodriguez v. Burlington Cty. Corr. Dep't*, 2015 WL 790521, at *3 (D.N.J. Feb. 25, 2015), *reconsideration dismissed*, 2015 WL 5297271 (D.N.J. Sept. 9, 2015) (holding that the employee-plaintiff's potential damages could "easily exceed" $75,000 where the plaintiff sought compensatory damages for lost wages and fringe benefits, front and back pay, future benefits, loss of earning capacity, damages for emotional and physical distress, damage to reputation, pain and humiliation damages, punitive damages, and attorney's fees); *Uddin v. Sears, Roebuck & Co.*, 2014 WL 316988, at *5 (D.N.J. Jan. 27, 2014) (denying a motion to remand and finding that the employee-plaintiff could potentially recover two months of back pay, punitive damages, and attorney's fees such that his total damages could exceed the jurisdictional threshold).

30. Because the citizenship of the parties is diverse, and it does not appear to a legal certainty that Plaintiff cannot recover at least $75,000, this action is properly removed on diversity grounds. *See* 29 U.S.C. § 1332.

## **ALL OTHER REMOVAL PREREQUISITES ARE SATISFIED**

31. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1441(a) because the United States District Court for the District of New Jersey is the federal judicial district embracing the Superior Court of New Jersey, Burlington County, where Plaintiff originally filed this action, and a substantial part of the alleged events or omissions giving rise to Plaintiff's claims are alleged to have occurred in this judicial district.

32. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed because fewer than thirty (30) days have elapsed since Plaintiff served the Complaint on November 18, 2022.

33. Pursuant to 28 U.S.C. § 1446(d), Amazon is simultaneously filing copies of all process, pleadings, and orders existing on file in the State court in this removed action. Further, pursuant to 28 U.S.C. § 1446(d), Amazon will file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Burlington County and will properly give Plaintiff written notice of this filing.

34. By filing a Notice of Removal in this matter, Amazon does not waive, and expressly reserves, its right to assert any and all defenses and/or objections in this case, including its right to contest personal jurisdiction, service of process, and the sufficiency of service of process.

35. Further, Amazon respectfully requests an opportunity to conduct limited discovery and submit additional argument or evidence on the issue of removal and/or diversity jurisdiction if Plaintiff challenges this Notice of Removal, and such discovery or argument becomes necessary.

36. The undersigned is counsel for, and is duly authorized to effect removal on behalf of, Amazon.

37. Whether Dr. Introcaso consents to removal is immaterial. *See Doughtery, Clifford & Wadsworth, Corp. v. Magna Grp., Inc.*, No. CIV. 07-1068HAA, 2007 WL 2579406, at *3 (D.N.J. June 19, 2007) ("The unanimity rule may be disregarded where . . . a defendant has been fraudulently joined."), *report and recommendation adopted*, No. CIV A 07-1068 HAA, 2007 WL 2300719 (D.N.J. Aug. 6, 2007).

WHEREFORE, Amazon hereby removes this action from the Superior Court of New Jersey, Burlington County, Law Division, and submits the foregoing to this Court's jurisdiction for further proceedings.

Dated:  December 16, 2022

**MORGAN, LEWIS & BOCKIUS LLP**

s/ Jason J. Ranjo
Richard G. Rosenblatt
Jason J. Ranjo
Carlyle W. Edwards-Balfour
502 Carnegie Center
Princeton, New Jersey 08540
Phone: 609.919.6673

*Attorneys for Amazon.com Services LLC*

## **CERTIFICATION**

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that the following administrative action before the New Jersey Department of Law & Public Safety, Division on Civil Rights asserts claims by Plaintiff against Amazon for disability discrimination and failure to accommodate an alleged disability in violation of the NJLAD: *Daryl Murray v. Amazon*, Docket No. EC05WB-68011.

Dated: December 16, 2022                              s/ Jason J. Ranjo
                                                                             Jason J. Ranjo

## **CERTIFICATE OF SERVICE**

    I, Jason J. Ranjo, hereby certify that on the date indicated herein, the foregoing Notice of Removal with attached exhibits, Local Civil Rule 11.2 Certification, and Civil Cover Sheet were electronically filed via the Court's ECF filing system and a copy sent via First Class Mail to the following Plaintiff of record:

        Daryl Murray
        2 Bell Lane
        Burlington NJ 08016

        *Plaintiff, acting pro se*

Dated: December 16, 2022          /s/ *Jason J. Ranjo*
                                                      Jason J. Ranjo