UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DARYL MURRAY,<br><br>                Plaintiff,<br><br>   v.<br><br>AMAZON.COM SERVICES LLC and LUCIAN J. INTROCASO,<br><br>                Defendants. | Civil Action<br>No. 1:22-CV-07340-KMW-MJS<br><br>**OPINION** |

**Daryl Murray**

*Plaintiff, Pro se*

**Richard G. Rosenblatt, Esq.**
**Carlyle W. Edwards-Balfour, Esq.**
**Jason J. Ranjo, Esq.**
MORGAN LEWIS & BOCKIUS, LLP
502 Carnegie Center
Princeton, NJ 08540

*Counsel for Defendant Amazon.com Services LLC*

**Anthony M. Imbesi, Esq.**
TESTA HECK TESTA & WHITE, P.A.
424 Landis Avenue
Vineland NJ 08360

**John A. Talvacchia, Esq.**
COOPER LEVENSON
1415 Marlton Pike (Route 70) East, Suite 205
Cherry Hill, NJ 08034

*Counsel for Defendant Lucian J. Introcaso*

1

**WILLIAMS, District Judge**:

## I. INTRODUCTION

Plaintiff Daryl Murray ("Plaintiff"), proceeding *pro se*, brings this action against his former employer, Amazon.com Services LLC ("Amazon"), and physician Lucian Introcaso ("Dr. Introcaso") (together, "Defendants"), asserting various claims stemming from an alleged workplace injury. More specifically, Plaintiff alleges that after he was injured on the job in December 2019, Amazon unlawfully refused to accommodate his physical limitations; discriminated against him on the basis of a disability; and retaliated against him for subsequently requesting workers' compensation benefits. As for Dr. Introcaso—a third-party workers' compensation physician—Plaintiff alleges that he intentionally drafted a false and erroneous medical report as part of a scheme with Amazon to obstruct his workers' compensation claim.

Following Amazon's removal of this action from New Jersey state court, Plaintiff filed the instant Motion to Remand pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction, which Amazon has opposed. Also pending are Defendants' respective Motions to Dismiss (ECF Nos. 38, 39) and Plaintiff's Motion for Leave to File a Third Amended Complaint (ECF No. 47). For the reasons set forth below, Plaintiff's Motion to Remand is granted, and all remaining Motions are denied as moot.[1]

## II. BACKGROUND

Plaintiff initiated this action on October 24, 2022, by filing a Complaint against Amazon in the Superior Court of New Jersey (Law Division, Burlington County). (ECF No. 1-1). Plaintiff

---

[1] Plaintiff has also filed a Motion for Leave to File an Amended in support of his Motion to Remand. (ECF No. 18). Noting no opposition thereto, the Court grants Plaintiff's Motion and accepts his amended brief.

subsequently filed an Amended Complaint on November 30, 2022, which added Dr. Introcaso as a defendant. (ECF No. 1-3). All of Plaintiff's claims arise only under New Jersey law.

Thereafter, on December 16, 2022, Amazon unilaterally removed Plaintiff's Amended Complaint to this Court pursuant to 28 U.S.C. § 1441, invoking diversity of citizenship jurisdiction. (ECF No. 1). Plaintiff is a citizen of New Jersey, and Amazon is a citizen of both Washington and Delaware. However, like Plaintiff, Dr. Introcaso is also a citizen of New Jersey. In its Notice of Removal, Amazon conceded Dr. Introcaso's citizenship and the lack of complete diversity among the parties, but stated that Dr. Introcaso's citizenship "is immaterial to the diversity analysis because he was joined fraudulently." (*Id.* at 5). Amazon also stated that the amount in controversy exceeds $75,000 in light of the specific claims Plaintiff asserts. (*Id.*)

Following Amazon's removal of the Amended Complaint, Plaintiff filed the instant Motion to Remand, in which he argues that Dr. Introcaso has not been fraudulently joined and that the lack of complete diversity, in the absence of any federal question, precludes the Court from exercising subject matter jurisdiction over this action.

### III. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove any civil action to federal court if the federal court would have original jurisdiction to hear that matter in the first instance. *See Farparan v. Autozoners, LLC*, No. 19-21464, 2020 WL 4596927, at *2 (D.N.J. Aug. 11, 2020). Federal courts are "courts of limited jurisdiction," and as such may only hear cases where there exists either (1) federal question jurisdiction, or (2) diversity of citizenship. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010); *see also* 28 U.S.C. §§ 1331–1332. For a case to be removable on the basis of diversity jurisdiction, "the matter in controversy [must] exceed[ ] the sum or value of $75,000, exclusive of interest and, and [be] between . . . citizens of

different States." 28 U.S.C. § 1332(a). However, under the "complete diversity" rule, diversity jurisdiction cannot vest where any plaintiff and any defendant are citizens of the same state. *See Zambelli*, 592 F.3d at 419.[2]

"The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F.3d 201, 215–16 (3d Cir. 2006). Importantly, the doctrine permits district courts to "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Id.* at 216 (internal quotation marks omitted).

The removing party bears a "heavy burden of persuasion" of showing fraud, which carries with it a "very high bar":

> Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment. But, if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.

*Avenatti v. Fox News Network LLC*, 41 F.4th 125, 133 (3d Cir. 2022) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851–52 (3d Cir. 1992)). Absent such a finding, the action must be remanded to the state court where it originated. *See* 28 U.S.C. 1447(c) (stating that a case removed from state

---

[2] The Court is also mindful of the removal statute's so-called "forum defendant rule," which provides that a "civil action *otherwise removable* solely on the basis of [diversity jurisdiction] . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). However, the fact that Dr. Introcaso is also a forum defendant has no bearing on the Court's analysis here because Plaintiff's Motion pertains more fundamentally to the removability of this action in the first instance; that is, whether the Court could have been vested with original jurisdiction prior to removal at all. *See Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018) ("This Court has long held that the forum defendant rule is procedural rather than jurisdictional, except where 'the case could not initially have been filed in federal court.'").

court shall be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction").

IV. **DISCUSSION**

When evaluating fraudulent joinder, the Court must "focus on the plaintiff's complaint at the time the petition for removal was filed" and assume as true all factual allegations" stated therein. *Batoff*, 977 F.2d at 851–52 (internal quotation marks omitted). In doing so, the Court must also "resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

A. **Factual Allegations**

According to the Amended Complaint, Plaintiff was formerly employed by Amazon as a fulfillment center associate. *See* Am. Compl. ¶¶ 14, 27–28.[3] In December 2019, Plaintiff alleges that a package fell on his foot while he was performing assigned work duties, which injured him and caused him severe pain. *See id.* ¶ 24. Despite this injury, Plaintiff alleges that Amazon refused to provide any accommodation for his physical injuries, which eventually led to Plaintiff reinjuring his foot shortly thereafter and sustaining new injuries. *See id.* ¶¶ 31–35. Eventually, Amazon permitted Plaintiff to be examined at its authorized workers' compensation medical provider, WorkNet Occupational Medicine ("WorkNet"). *See id.* ¶ 37.

On January 8, 2020, Plaintiff was examined by WorkNet physician Mark Nepp ("Dr. Nepp"), who diagnosed Plaintiff with a left-knee sprain.[4] According to an Amazon Healthcare

---

[3] A copy of the Amended Complaint is attached to Amazon's Notice of Removal as Exhibit C. (ECF No. 1-3).

[4] Dr. Nepp's findings are reflected in a "Work Status Summary" attached to the Amended Complaint as Exhibit A. (ECF No. 1-3 at 38–39).

Provider Request for Information Form ("RFI") attached to the Amended Complaint, Dr. Nepp indicated that although Plaintiff was able to return to work, he could only do so with certain restrictions (*e.g.*, standing, climbing stairs). (ECF No. 1-3 at 40–41). Importantly, the RFI also reflects Dr. Nepp's conclusion that Plaintiff's injury was '[w]ork-related"—a finding that would presumably bear on Plaintiff's ability to obtain workers' compensation benefits. (*Id.* at 40).

On January 13, 2023, Plaintiff returned to WorkNet for a scheduled follow-up appointment to receive an X-ray. *See* Am. Compl. ¶ 42. This time, however, Plaintiff was not seen by Dr. Nepp, but rather by Dr. Introcaso. *See id.* While waiting in an examination room, Plaintiff alleges that Dr. Introcaso was on the telephone with Amazon's workers' compensation claims administrator, Sedgwick CMS-Philadelphia ("Sedgwick"), to obtain authorization to perform the X-ray. *See id.* Approximately 45 minutes later, Dr. Introcaso allegedly entered the examination room and informed Plaintiff that the X-ray was not authorized because it was "determined that [his] injuries were not work-related." *Id*. But this determination, Plaintiff points out, was reached before Dr. Introcaso had an opportunity to conduct his own examination, and in any case contradicted Dr. Nepp's opinion rendered just days prior. *See id.*

Dr. Introcaso also concluded later in his charting notes that he could not, "by a preponderance of [the] evidence" obtained during his examination, "attribute [Plaintiff's] current problem to a condition which arose from his current job." (ECF No. 1-3 at 56).[5] Plaintiff maintains that this conclusion was not only false, but that Dr. Introcaso had in fact never physically examined him during his visit. *See* Am. Compl. ¶ 42. In support of this assertion, Plaintiff purports to highlight numerous other inaccuracies and inconsistencies contained in Dr. Introcaso's charting notes. For example, the charting notes identify Plaintiff's "chief complaint" as "pain in [his] entire

---

[5] Dr. Introcaso's charting notes are attached to the Amended Complaint as Exhibit F.

body" after "[w]orking [at Amazon] the past 5 weeks." (ECF No. 1-3 at 55). However, according to a WorkNet intake form attached to the Amended Complaint, Plaintiff only made three, discreet complaints, namely (1) an injury to his left knee/leg; (2) a bruise on his left, inner thigh; and (3) discomfort in his "right knee/leg area." (ECF No. 1-3 at 60). In another portion of the charting notes, Dr. Introcaso acknowledges Plaintiff's reported knee pain, but states, "[p]atient denies any prior injuries initially but then reports that he's had at least 4 prior auto accidents requiring treatment over the past 35 years." (ECF No. 1-3 at 55). Plaintiff denies ever making such a statement. *See* Am. Compl. ¶ 116.

One week after Plaintiff's visit with Dr. Introcaso, Sedgwick informed Plaintiff via letter that, based on "all available information," his injury was not compensable. (ECF No. 1-3 at 49). Plaintiff concludes that Sedgwick colluded with Dr. Introcaso and Amazon to "fraudulently conceal or alter" his medical records, including Dr. Nepp's prior report, and "knowingly participated in a deceitful scheme" to obstruct his claim for workers' compensation benefits. *See* Am. Compl. ¶ 110. Plaintiff further alleges that Amazon consequently refused to accommodate his physical limitations and that he was forced to received medical treatment at his own expense. *See id.* ¶¶ 43–44, 51–52, 56, 58.

### B. Fraudulent Joinder

As against Dr. Introcaso, Count V of the Amended Complaint purports to assert a claim for the "fraudulent concealment, alteration, falsification, and/or destruction of patient medical records," as well as a violation of § 2C:21-4.1 of the New Jersey Code of Criminal Justice criminalizing the same. *See id.* at 21.

Concerning fraudulent joinder, Amazon first submits that fraud is evinced on the face of Plaintiff's claim because § 2C:21-4.1 "does not provide a private right of action." Amazon Br. at

8. The problem, however, is that Amazon has not cited to any authority demonstrating that Plaintiff's claim, as articulated, is so conclusively foreclosed. Indeed, the only authority Amazon cites to supports the proposition that the state of New Jersey law is, at best, "unclear" as to "whether a private right of action is authorized" by § 2C:21-4.1 for a "falsification of medical records claim." *Okocha v. Lab'y Corp. of Am.*, No. 06-1791, 2008 WL 3843068, at *2 (D.N.J. Aug. 15, 2008) (granting summary judgment on other grounds), *aff'd*, 313 F. App'x 453 (3d Cir. 2009); *see also In re Jascalevich License Revocation*, 442 A.2d 635 (N.J. Super. Ct. App. Div. 1982) ("A deliberate falsification by a physician of his patient's medical record . . . must be regarded both as gross malpractice endangering the health or life of his patient."); *Rosenblit v. Zimmerman*, 766 A.2d 749 (N.J. 2001) (holding that a patient has an actionable fraudulent concealment claim based on the physician's spoliation of evidence).

"[W]hen courts in this district have found fraudulent joinder, they have nearly always done so because the claim was based on a legal impossibility, such as statute of limitations, the absolute litigation privilege, or ripeness." *Curley v. Mercury Ins. Servs., LLC*, No. 21-12259, 2022 WL 445633, at *3 (D.N.J. Feb. 10, 2022) (internal quotation marks omitted). Amazon has not demonstrated such impossibility here. And given the Court's obligation to construe "uncertainties as to the current state of controlling substantive law" in Plaintiff's favor, the mere "possibility that a state court would find that the [Amended] [C]omplaint states a cause of action" against Dr. Introcaso is sufficient to preclude a finding of fraudulent joinder. *Avenatti*, 41 F.4th at 133.

To the extent Plaintiff attempts to premise Count V under a common law theory of liability, Amazon submits that fraudulent joinder is still evidenced by Plaintiff's failure to "assert a viable common law fraud claim." Amazon Br. at 9. But Amazon misapprehends its burden. The touchstone of fraudulent joinder is not whether a claim is "viable"; rather, it is whether the claim

8

is "wholly insubstantial and frivolous." *In re Briscoe*, 448 F.3d at 218 (internal quotation marks omitted). To submit, as Amazon does here, that Plaintiff's claim fails to satisfy the elements of a cause of action for fraud makes its argument indistinguishable from that which would be offered on a motion to dismiss. "[I]t is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted." *Batoff*, 977 F.2d at 852. But the inquiry triggered by Rule 12(b)(6) is "more searching than that permissible when a party makes a claim of fraudulent joinder. *Id.* In this Court's view, Amazon's argument "step[s] from the threshold jurisdictional issue into a decision on the merits," and does so "in the guise of [arguing that] the joinder was fraudulent." *Boyer*, 913 F.2d at 112.[6]

However, even if the Court were to find that Plaintiff's fraud claim is so legally unattainable, that observation would neither satisfy Amazon's burden nor end the Court's inquiry. Again, fraudulent joinder requires the Court to examine all of the facts alleged, accept them as true, and determine whether they can ostensibly support a claim for relief—not just those expressly invoked in a pleading. *See Avenatti*, 41 F.4th 125. Because Plaintiff proceeds in this case *pro se*, that lens is further widened by the Supreme Court and Third Circuit's repeated instruction to liberally construe the pleadings of *pro se* litigants. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (reiterating that *pro se* filings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" (internal quotation marks omitted)); *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011).

From this perspective, the Court is not satisfied that the facts underlying the Amended Complaint could not support another cause of action, such as negligence. "New Jersey has long recognized that a physician owes a duty of reasonable care to the nontraditional patient in the

---

[6] Amazon's remaining arguments similarly fail because they do little more than challenge the factual sufficiency of the Amended Complaint. For this reason, the Court declines to address them.

context of a third-party examination" rendered at an employer's behest. *Reed v. Bojarski*, 764 A.2d 433, 441 (N.J. 2001). What is more, the New Jersey Supreme Court has expressly held that workers are permitted to assert tort claims against third-party physicians who negligently perform an independent workers' compensation examination. *See Basil v. Wolf*, 935 A.2d 1154, 1166 (N.J. 2007). The duty of care owed to such patients, at a minimum, entails the performance of a "professionally reasonable and competent examination." *Reed*, 764 A.2d at 442. However, the proper scope and extent of that duty pivot on "considerations of public policy and fairness." *Est. of Desir ex rel. Estiverne v. Vertus*, 69 A.3d 1247, 1258 (N.J. 2013) (internal quotation marks omitted).

Here, the Court finds that the facts alleged in the Amended Complaint could ostensibly support, at the very least, a claim for negligence, particularly given the number of inconsistencies and inaccuracies alleged to be contained in Dr. Introcaso's charting notes. This is not to say that Plaintiff could successfully make out such a claim. Indeed, it might very well be the case that such a claim would be dismissed. But at this juncture, that possibility does not import a finding of fraudulent joinder. *See Batoff*, 977 F.2d at 852.

In conclusion, the Court finds that Amazon has failed to sustain its burden of demonstrating fraudulent joinder.[7] Amazon has not established that there is "no reasonable basis" in fact or law to support Plaintiff's claim against Dr. Introcaso. *Id.* at 851. Nor has it persuaded the Court that Plaintiff had "no real intention in good faith" to prosecute this action against Dr. Introcaso or seek

---

[7] The Court does not address whether the Amended Complaint has satisfied the $75,000 threshold necessary for diversity jurisdiction to vest. However, the Court separately observes Amazon's request for an order requiring "Plaintiff to acknowledge that he shall be judicially estopped from seeking or accepting more than $75,000 in total damages" in the event this matter is remanded. Amazon's request is occasioned by the Amended Complaint's attempt to cap Plaintiff's monetary damages below the jurisdictional threshold. However, Amazon does not attempt to reconcile this request with the Court's lack of subject matter jurisdiction over this case. To the extent such an order would be warranted, that is a matter more appropriately reserved for the state court on remand.

a joint judgment. *Id.*[8] Consequently, the Court finds that it lacks diversity jurisdiction over this matter.

## V.  CONCLUSION

For all of the reasons articulated above, the Court grants Plaintiff's Motion and remands this case to the Superior Court of New Jersey (Law Division, Burlington County).[9]

Date:   August 31, 2023

                                      */s/ Karen M. Williams*
                                      KAREN M. WILLIAMS
                                      U.S. DISTRICT COURT JUDGE

---

[8] In fact, the documents attached to the Amended Complaint, as well as the procedural history of this case, more readily suggest that Plaintiff had every intention of pursuing a lawsuit against Dr. Introcaso prior to his joinder. The Court is particularly struck by a September 25, 2022 letter addressed to Dr. Introcaso, in which Plaintiff quite explicitly states that he will be bringing a lawsuit against him. (ECF No. 1-3 at 65). Plaintiff's intent to sue is further evidenced by the fact that he successfully served Dr. Introcaso with his Amended Complaint prior to its removal. (ECF No. 1-5).

[9] Plaintiff has also demanded attorneys' fees and costs he purportedly incurred as a result of removal. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." However, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005). In his Reply, Plaintiff attaches a declaration stating that he demands $1,600 in order to pay the fees of an attorney he consulted in drafting his Motion, as well as $300 for miscellaneous expenses (*e.g.*, envelopes, printer ink, postage stamps). Beyond this declaration, he submits no proof of any of these expenses. Regardless, the Court finds that Amazon had an objectively reasonable basis to remove the Amended Complaint, and accordingly denies Plaintiff's request for attorneys' fees and costs.